DUTY FREE INTERNATIONAL, INC., AMMEX WAREHOUSE CO., INC., AND AMMEX TAX & DUTY FREE SHOPS, INC., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 91–07–00534

(Decided March 23, 1992)

*Tompkins & Davidson* (*Harvey A. Isaacs, Brian S. Goldstein,* and *Laurence M. Friedman*) for plaintiffs.

*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Susan Burnett Mansfield*), *Christopher Doherty,* United States Customs Service, of counsel, for defendant.

## MEMORANDUM OPINION AND ORDER

DICARLO, *Chief Judge:* Plaintiffs, Duty Free International, Inc. and its related companies (collectively, DFI), seek revocation of Customs' approval to operate a duty-free sales enterprise granted to Git N' Go (GNG) alleging that the approval was unlawful under 19 U.S.C. § 1555(b) (1988). Pursuant to Rule 12(b) of the Rules of this Court, defendant moves to dismiss the action asserting that plaintiffs lack standing under 28 U.S.C. § 2631(i) (1988) and 5 U.S.C. § 702 (1988). The Court holds that plaintiffs have standing to challenge Customs' approval to establish and operate GNG's duty-free sales enterprise because plaintiffs suffered injury in fact, and their interests are arguably within the zone of interest sought to be protected by the statute.

## DISCUSSION

"For purposes of ruling on a motion to dismiss for want of standing, * * * courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Warth v. Seldin,* 422 U.S. 490, 501 (1975). According to the complaint, on August 17, 1988, Customs approved plaintiffs' operation of duty-free store near the Canadian border on Interstate Route 87 in Champlain, New York. GNG applied to operate a duty-free store also near Champlain, and plaintiffs allege that GNG's application was approved on or about May 20, 1991 pursuant to 19 U.S.C. § 1555(b). Plaintiffs contend that Customs' approval granted to GNG is not in accordance with the terms of § 1555(b). Plaintiffs allege that GNG's customers can remain in the United States after purchasing duty-free merchandise because GNG does not have duty-free merchandise storage location at or beyond the exit point as required by the law. 19 U.S.C.

§ 1555(b)(3)(F)(ii)(I). Plaintiffs merchandise delivery location is lawful pursuant to the grandfather provision, *id.* § 1555(b)(3)(F)(ii)(II), which recognized the locations approved by the agency before the enactment since Congress presumed that they provide sufficient assurance of exportation. *See* S. Rep. No. 71, 100th Cong., 1st Sess. 233 (1987).

To assert standing a plaintiff must be "adversely affected or aggrieved by agency action." 28 U.S.C. § 2631(i) (1988); *see also* 5 U.S.C. § 702 (1988). To establish standing a plaintiff must show: 1) it suffered injury in fact; and 2) the interest sought to be protected by a plaintiff is "arguably within the zone of interests to be protected or regulated by the statute * * *." *Association of Data Processing Serv. Orgs, Inc. v. Camp*, 397 U.S. 150, 152–53 (1970). Since defendant accepts plaintiffs' allegation of injury for the purpose of its motion to dismiss, the first prong of the standing test is satisfied.

At issue is, therefore, whether plaintiffs were within the zone of interests sought to be protected by § 1555(b). A plaintiff who is not the subject of the contested regulatory action has a right to challenge the agency action unless "the plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Clarke v. Securities Indus. Ass'n*, 479 U.S. 388, 399 (1987). The Court "must inquire, then, as to Congress' intent in enacting the [statute] in order to determine whether [plaintiffs] were meant to be within the zone of interests protected by [the] statute[   ]." *Air Courier Conference of Am. v. American Postal Workers Union*, 111 S. Ct. 913, 918 (1991).

Upon enactment of § 1555(b), Congress adopted the following findings:

### Sec. 1908   Duty-free sales enterprises.

(a) FINDINGS. The Congress finds that

(1) duty-free sales enterprises play a significant role in attracting international passengers to the United States and thereby their operations favorably affect our balance of payments;

(2) concession fees derived from the operations of authorized duty-free sales enterprises constitute an important source of revenue for the State, local and other governmental authorities that collect such fees;

(3) there is inadequate statutory and regulatory recognition of, and guidelines for the operation of, duty-free sales enterprises; and

(4) there is a need to encourage uniformity and consistency of regulation of duty-free sales enterprises.

The Omnibus Trade and Competitiveness Act of 1988, § 1908(a), Pub. L. No. 100–418, 102 Stat. 1107, 1315.

Defendant argues based on these findings that the purposes of the statute are to encourage the establishment of duty-free sales enterprises and to foster the competition among them. Further, defendant contends that plaintiffs' interest is inconsistent with these purposes because they are interested in restricting competition by challenging the approval of another duty-free sales enterprise.

Congress clearly acknowledged the significant economic benefits derived from duty-free sales enterprises. *See* S. Rep. No. 71, at 229–30. However, in determining standing, the Court must look at "the entire purpose" of the statute. *See Sacilor, Acieries et Laminoirs de Lorraine v. United States*, 5 Fed. Cir. (T) 96, 100, 815 F.2d 1488, 1491, *cert. denied*, 484 U.S. 924 (1987). Findings (3) and (4) evince that Congress recognized the lack of sufficient regulation of the industry and the need to establish a comprehensive statutory framework. The Court also notes Congress prohibited Customs from establishing rules and regulations governing duty-free stores until Congress provided a statutory framework. *See* Continuing Appropriations for Fiscal Year 1985, Pub. L. 98–473, 98 Stat. 1837, 1967 (1984) (prohibiting the appropriation of fund to proposed rules relating duty-free stores); *see also* 51 Fed. Reg. 24,535 (1986) (announcing Customs' intention not to act on its proposed rule in light of Congressional opposition). Congress, therefore, intended to foster the prosperous growth of duty-free sales enterprises by "encourag[ing] uniformity and consistency of regulation of duty-free sales enterprises." § 1908(a)(4), Pub. L. No. 100–418, 102 Stat. 1107, 1315.

Plaintiffs assert that they have competitive interests in the proper administration and regulation of the duty-free industry. They allege GNG does not provide a "reasonable assurance that duty-free merchandise * * * will be exported from the [United States]", 19 U.S.C. § 1555(b)(3)(A), because it does not deliver the merchandise "at a merchandise storage location at or beyond the exit point." *Id.* § 1555(b)(3)(F)(I). Plaintiffs also contend that GNG did not obtain the necessary approval from the State Department of Transportation. *See id.* § 1555(b)(4). The Court must accept as true all the material allegations of the complaint. *Warth v. Seldin*, 422 U.S. at 501. Plaintiffs' allegations on its face imply that Customs might have inhibited the growth of duty-free sales enterprises by permitting unfair competition among duty-free sales enterprises. Since Congress intended to foster the growth of industry under uniform regulation, plaintiffs' interest to promote fair competition is not inconsistent with the statute, and there is more than marginal relationship between plaintiffs' interest and the purpose of the statute.

Defendant's reliance on the cases where the plaintiff's standing was denied for the failure to meet the zone of interest test is inapposite. *See Air Courier Conference*, 111 S. Ct. 913; *Calumet Indus., Inc. v. Brock*, 807 F.2d 225 (D.C. Cir. 1986). Here, the Court finds that plaintiffs' interest is within the zone of interest to be protected by 19 U.S.C. § 1555(b).

## CONCLUSION

Plaintiffs' interest in challenging Customs' approval granted to GNG is within the zone of interest protected by the statute; therefore, plaintiffs have the standing. Upon due deliberation, it is hereby

ORDERED that defendant's motion to dismiss is hereby denied.